IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01573-PAB

CRAIG D. BUCKLEY,

    Plaintiff,

v.

WELD COUNTY DISTRICT COURT, in its official capacity,
WELD COUNTY COURT, in its official capacity,
KENNETH R. BUCK, Weld County District Attorney, in his individual capacity,
STEVEN D. WRENN, Weld County Chief Deputy District Attorney, in his individual capacity,
SARAH J. BOUSMAN, Weld County Deputy District Attorney, in her individual capacity,
KEITH OLSON, Weld County DA Chief Investigator, in his individual capacity,
DANIEL T. GOODWIN, Equity Partner, Donelson, Cianco & Grant, P.C., in his personal capacity,
JACQUES RUDA, Equity Partner, Girsh & Rottman, P.C., in his personal capacity,
JOHN W. SUTHERS, Colorado Attorney General, in his individual capacity,
MATTHEW D. GROVE, Assistant Attorney General, in his individual capacity,
JOHN B. COOKE, Weld County Sheriff, in his individual capacity,
JAMES F. HARTMANN, Chief Judge Weld County District Court, in his individual capacity,
MICHELE MEYER, Weld County Court Judge, in her individual capacity,
GARY BARBOUR, Frederick Co Police Chief, in his individual capacity,
GREGG GLOTSPEICH, Frederick Co Police Sergeant, in his individual capacity,
STEVE WALJE, Frederick Co Police Officer, in his individual capacity,
ERIN AUSTIN, Weld County Probation Officer, in her individual capacity,
DONNA DELUCA, Boulder County Probation Officer, in her individual capacity, and
WALTER CZAPRAN, Boulder County Probation Officer Supervisor, in his individual capacity,

    Defendants.

---

## ORDER

---

    This matter is before the Court on the Motion for a Temporary Restraining Order

[Docket No. 3] filed by plaintiff Craig D. Buckley, a plaintiff in a state court civil case.

On April 17, 2013, District Court Judge Daniel Maus of the District Court for Weld County, Colorado issued a written order for Mr. Buckley to appear in court on June 17, 2013 "to show cause if any he has why he should not be held in contempt of Court . . . and further why fine and/or imprisonment should not be imposed upon him" in Case No. 2009CV991.  Docket No. 3-1 at 8.  Mr. Buckley seeks an order from this Court enjoining "enforcement of the Court's April 17, 2013 Amended Citation to Show Cause."  Docket No. 3 at 9.

In *Younger v. Harris*, 401 U.S. 37, 41 (1971), the Supreme Court ruled that a district court's injunction of a pending state court criminal prosecution violated "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances."  The holding of *Younger* has been extended to require abstention in cases seeking to enjoin state civil proceedings.  *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431-32 (1982) ("[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved"); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11-12 (1987) ("This concern mandates application of *Younger* abstention not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government").

*Younger* mandates abstention where "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the

claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). Abstention means that a court will dismiss the claim without prejudice. *D.L v. Unified Sch. Dist.*, 392 F.3d 1223, 1227-28 (10th Cir. 2004).

Applying this analysis to the present case, it is clear that Mr. Buckley's motion for a temporary restraining order runs afoul of *Younger*. As noted above, Mr. Buckley is currently involved in ongoing state civil proceedings. The ongoing civil proceedings involve possible violations of Colorado court orders, which the State of Colorado has an obvious interest in enforcing. Finally, Mr. Buckley has failed to show that he lacks an adequate opportunity to raise his constitutional challenges in the state proceedings. *See Pennzoil Co.*, 481 U.S. at 15 ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Moreover, Mr. Buckley has not established that he will suffer great and immediate irreparable injury if this Court fails to intervene in the pending state court proceedings. *See Phelps v. Hamilton*, 59 F.3d at 1058, 1063-64 (10th Cir. 1995) (for a court to enjoin state court proceedings plaintiff must show "such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate"). The exceptions to *Younger* provide only for a "very narrow gate for federal intervention," *id.* at 1064, and the fact that Mr. Buckley is required to appear in a

state-court hearing involving potential fines and possible incarceration, even though he believes the hearing is wrong, is not sufficient to establish great and immediate irreparable injury.  *Cf Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).   As a result, no portion of the complaint survives a *Younger* analysis.  Accordingly, the Court will abstain from exercising jurisdiction over Mr. Buckley's complaint, which will be dismissed without prejudice.  *See Wideman v. Colo.*, 242 F. App'x 611, 615 (10th Cir. 2007) ("[b]ecause dismissals based upon the *Rooker-Feldman* and *Younger* abstention doctrines are jurisdictional, they should be entered without prejudice").

Accordingly, it is

**ORDERED** that Plaintiff's Unopposed Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 3] is **DENIED**.  It is further

**ORDERED** that plaintiff's complaint is dismissed without prejudice.

DATED June 17, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge